**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

CORY STEVEN GRAY                                                            PLAINTIFF

v.                                        4:11-cv-00286-BRW-JTK

CHARLES HOLLADAY, et al.                                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I.      Introduction

This matter is before the Court Defendant Molden's Motion for Summary Judgment (Doc. No. 57).  Plaintiff filed a Response to the Motion (Doc. No. 67) and Defendant filed a Reply (Doc. No. 68).

Plaintiff Gray filed this action pursuant to 42 U.S.C. § 1983 while incarcerated at the Pulaski County Detention Center (Jail), alleging deliberate indifference to his serious medical needs by Defendants.[1]  Dr. Molden is the sole remaining Defendant,[2] and Plaintiff asks for money damages based on his failure to adequately treat him for a drug addiction while incarcerated at the Jail.

---

[1] Plaintiff was transferred from the Jail to the Arkansas Department of Correction (ADC) on May 31, 2011 (Doc. No. 30), and was released from incarceration on September 19, 2011 (Doc. No. 42).

[2] Defendant Holladay was termed on June 1, 2011 (Doc. No. 21), and Defendant McGee was termed on May 31, 2012 (Doc. No. 69).

## II.   Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See  Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'"  Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

### A.   Defendant's Motion

In support of his Motion, Defendant Molden states that Plaintiff cannot prove that he acted with deliberate indifference to his serious medical needs.  According to his affidavit and the accompanying medical records (Doc. Nos. 57-1, 57-2), Molden is a licensed psychiatrist who provides care to some inmates at the Jail.  When Plaintiff first entered the Jail, he completed an Intake Medical History and Screening Form (intake form) on which he did not list that he was taking any medications at that time.  (Doc. No. 57-2, pp. 40-41.)  Plaintiff was seen by a nurse on June 30, 2010, in response to a sick call he submitted, complaining about anxiety, sleep disorder, worry, and

3

panic attacks.  (Doc. No. 57-1, p. 2.)  He told the nurse he was currently taking Cymbalta, Ambien, and Suboxone,[3] but that since he resumed his drug use six months before, he took Suboxone for only brief periods.  (Id.; Doc. No. 57-2, p. 4.)  Molden then examined Plaintiff on July 1, 2010, at which time Plaintiff did not exhibit withdrawal symptoms and Molden prescribed Celexa for Plaintiff's complaints.  (Id. at p. 3.)  Plaintiff returned to the clinic  on July 29, 2010, complaining about side effects from Celexa, and on August 5, 2010, Molden discontinued the medication because Plaintiff's family arranged to bring him a prescription for Cymbalta.  (Id.)  Molden again saw Plaintiff on August 26, 2010, for medication management, and continued Plaintiff on the Cymbalta because he was not having any side effects.  (Id.)  Plaintiff was seen in the clinic on September 22, 2010, and October 21, 2010, and was treated for allergies and sleeping difficulties.  (Id.)  Molden saw Plaintiff on November 18, 2010, for complaints of continued anxiety, and prescribed Amitriptyline, which was refilled per Plaintiff's request on February 17, 2011.  (Id. at p. 4.)  In response to continued complaints of anxiety and sleep problems, Molden ordered an increased dose of amitriptyline on March 10, 2011.  (Id.)  Plaintiff was seen again at the clinic for symptoms of a cold on March 17, 2011, and was transferred to the ADC on May 31, 2011.  (Id.)

Molden states in his affidavit that he personally examined Plaintiff and treated him with several medications during his incarceration, but that Suboxone was not a necessary medication for Plaintiff.  (Id.)  In the present Motion, he states Plaintiff cannot produce verifying medical evidence to support his claim that he suffered a detrimental effect from the absence of Suboxone, and that Plaintiff's medical records provide no proof that he suffered withdrawal symptoms which went untreated.  Finally, Defendant states Plaintiff cannot show that he deliberately disregarded a serious

---

[3]Suboxone is a narcotic medication used for maintenance treatment of opiod dependence. (Doc. No. 57-1, p. 2.)

medical need, and that Plaintiff's disagreement over the type of treatment he received does not support a deliberate indifference claim.

### B.    Plaintiff's Response

Plaintiff states Molden violated his constitutional rights by denying him the opportunity to continue his drug treatment program for opiod addiction.  Plaintiff states Molden prescribed him only with Celexa on July 1, 2010, despite the fact that he told him he had been taking Suboxone. He states he suffered from a serious medical need because the Suboxone had been prescribed to him by a private physician pursuant to a drug treatment program, and that since Molden knew he was taking the medication, he knew the unwanted pain and suffering which takes place during opiod withdrawals.  Plaintiff states he did not need to place sick calls in order to place Defendants on notice of his withdrawal difficulties, because he was treated by medical staff twice during the first week of detention and it would have been futile and expensive ($5 per visit) to submit any additional sick calls.  He also states that the Jail Inmate Handbook he received during his incarceration stated that incoming inmates should be allowed to continue necessary drug treatment programs, but that the Jail subsequently removed that page and changed the policy. (Doc. No. 67, p. 10.)[4]  He also states Defendant's actions violated standards set forth by the  National Commission on Correctional Health Care, which has accredited the Jail.

---

[4]Plaintiff provides the affidavit of Lesa Warner, a Jail employee, who states that the Jail drug treatment policy changed prior to June, 2010, and the page referred to by the Plaintiff was removed from the inmate handbook.  She also states that when Plaintiff was first arrested on June 26, 2010, he was taken to the Pulaski County Northside Detention Facility in North Little Rock (Doc. No. 67, p. 9.). At that time Plaintiff advised the officer that he had been taking Suboxone as treatment of opiate addiction and Ambien for a sleeping aid.  This was noted in an intake form (Id. at p. 13).  However, Plaintiff was taken to the Jail on the next day, June 27, 2010, where he participated in another intake form, on which he did not list any medication or treatment.  (Id. at p. 10.)

C.     **Reply**

In Reply, Defendant notes that although Plaintiff claims he was taking Suboxone at the time he entered the Jail, he reported to the medical staff initially that he was no longer taking it because he had renewed his drug use six months prior to his intake.  Doc. No. 57-2, p. 4.)  In addition, Dr. Molden stated in his affidavit that Plaintiff did not report experiencing any withdrawal symptoms, and therefore, was not in need of the drug.  Absent such evidence, Plaintiff cannot show Molden was deliberately indifferent to a serious medical need.  Finally, even if the Jail policy referred to by Plaintiff was in effect at the time of his incarceration, Defendant did not violate his rights because Plaintiff was not displaying any signs of withdrawal and therefore, Suboxone was not a "necessary drug treatment."  (Doc. No. 67, p. 10, affidavit of Lesa Warner.)

D.     **Analysis**

It appears to the Court that at the time of his incarceration, Plaintiff was a pretrial detainee. While the due process standard of the Fourteenth Amendment applies to determine the constitutionality of pretrial detainees' conditions of confinement, the standards applied to such claims are the same as those applied to Eighth Amendment claims.  See Bell v. Wolfish, 441 U.S. 520, 535 (1979), and Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994).  Therefore, in order to support a claim for an Eighth Amendment violation, Plaintiff must prove that Defendant was deliberately indifferent to a serious medical need.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference.  Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate

6

of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995).  See also Smith v. Marcantonio, 910 F.2d

500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is

insufficient to state a claim for relief under the Eighth Amendment).  Furthermore, prison physicians

are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when,

in the exercise of their professional judgment, they refuse to implement a prisoner's requested

course of treatment."  Long v. Nix, 86 F.3d  761, 765 (8th Cir. 1996).  In addition, an inmate who

complains that a delay in medical treatment constitutes a constitutional violation must provide

"verifying medical evidence" in the record to establish the detrimental effect of the delay, in order

to succeed on his claim.  Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (overruled in part

on other grounds).  Finally, "[i]n the face of medical records indicating that treatment was provided

and physician affidavits indicating that the care provided was adequate, an inmate cannot create a

question of fact by merely stating that [he] did not feel [he] received adequate treatment."  Dulany,

supra, 132 F.3d at 1240.

　　　In this case, Plaintiff does not dispute that the intake form completed upon his arrival at the

Jail did not list that he was taking medications.  In addition, in his response to Defendant's Motion,

Plaintiff does not deny that he did not submit any sick calls complaining about withdrawal

symptoms.  (Doc. No. 67, p. 4.)  In fact, according to the medical records provided, Plaintiff did not

voice any complaints about drug withdrawal symptoms to the medical staff at the Jail, other than

to mention that he had been taking Suboxone prior to resuming his drug use six months prior.  Based

on these undisputed facts and the medical records provided, Plaintiff does not provide any evidence

to support his claim that Defendant Molden's failure to prescribe him Suboxone was deliberately

indifferent to his serious medical needs.  It is clear from the medical records that Plaintiff was

treated often by Defendant and other medical personnel for his various complaints, and Defendant prescribed him various medications in an attempt to resolve his anxiety and depression issues.  As the court in <u>Long</u> stated, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment.  86 F.3d at 765.  Furthermore, this Court finds that Plaintiff's complaint about the lack of Suboxone medication, absent any evidence of having suffered withdrawal symptoms, amounts to a mere disagreement over the type of medical treatment he was provided, which also does not support a constitutional claim.  <u>See</u> <u>Smith v. Marcantonio</u>, 910 F.2d at 502.

The Court also finds no constitutional violation with respect to Plaintiff's allegation that the inmate handbook required Defendant to provide him with withdrawal treatment.  Even assuming that the handbook included the page allowing detainees to continue necessary drug treatment programs, Plaintiff again has provided no proof that he suffered any withdrawal symptoms which required such treatment.  In addition, the violation of the Jail's policy or regulation does not constitute a federal due process violation.  <u>Williams v. Nix</u>, 1 F.3d 712, 717 (8th Cir. 1993).

## III.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Defendant Molden's Motion for Summary Judgment (Doc. No. 57) be GRANTED and Plaintiff's Complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 2nd day of August, 2012.

_____
  JEROME T. KEARNEY
  UNITED STATES MAGISTRATE JUDGE